NATHANIEL HARMISON, plaintiff in error v. REUBEN CLARK, JACOB CLARK, Senr., and LUCY CLARK, his wife, and JACOB CLARK, Jr., defendants in error.

*Error to Franklin.*

Exceptions taken upon the first trial, a new trial being granted and had, cannot avail the party excepting. In order to be available, the exceptions should have been renewed on the last trial (if the same ground of exception occurred).

An application to set aside a judgment by default, or to grant a new trial, is an application addressed to the discretion of the Court, and the decision of the Court upon such application, cannot be assigned for error.

A party cannot assign that for error, which was for his own benefit.

THIS is an action of *trespass* instituted by Harmison against the above named defendants, together with Hiram Clark and Abraham Clark. Upon the two last no service of process was had, nor was there any appearance entered by them. The declaration contained, as at first filed, two counts, the first of which charged that on the 11th of March, 1832, with force and arms, at the county of Franklin, the defendants broke and entered the close of the plaintiff, and set fire to, and burned and destroyed one mill-house, one barn, two corn-cribs, one stable, 1000 bushels of corn, one wagon, &c., of the value of 1000 dollars, and other wrongs, &c.

The second count charged that on the same day and year, and at the same county, the defendants, with force and arms, set fire to, burned down, and destroyed other, the property of the plaintiff, of the value of 1000 dollars, and other wrongs, &c.

At the term to which the writ was returnable,—it having been returned as executed upon the defendants Reuben, Jacob, jr., Jacob, sen., and Lucy his wife, the defendants in this writ of error,—the Court granted a rule requiring the defendants to plead by 9 o'clock of the next day. This rule was granted and entered of record the 3d of October, 1832. Accordingly, on the next day, the 4th of October, the defendants, Reuben, Jacob, jr., and Jacob, sen., filed their plea of not guilty, upon which plea issue was joined the same day.

At the April term, 1833, of the Circuit Court, to which term the cause had been continued on motion of the plaintiff, a judgment by default was taken against Lucy Clark and Jacob Clark, sen., her husband, for their default in not pleading or otherwise answering on behalf of Lucy, to the plaintiff's action, and a jury was called and sworn to try the issue joined, and to enquire of damages against Jacob Clark, sen., and Lucy his wife. The jury returned a verdict of not guilty as to the issue, and assessed the

damages against Jacob Clark, sen., and Lucy his wife, to three hundred and sixty dollars.

On the trial before the jury, it appeared that the burning of the property charged, took place in *Hamilton county,* and the Court on motion of the defendants, excluded the evidence from the jury, as to all of the defendants who were on trial.    To this decision the plaintiff excepted.

On the next day, the 4th of April, and before judgment was entered on the assessment of damages, against the defendants in default, Jacob Clark, sen., one of those defendants, made and filed his affidavit, setting forth in substance, that he had understood from the sheriff, when at his house to serve process on himself, that his wife Lucy was not included in the suit; that he, the affiant, did not then, or at any time, know that his wife was a party to the suit; that no rule or notice was ever served on him of any description by which he supposed his wife was a party to the suit, nor did he believe his wife was ever summoned by the sheriff, or knew in any manner that she was a party to the suit, or required to plead or attend to the trial.    The affidavit further stated that the affiant was informed by counsel since the trial of the suit, and believed, that his wife had a good and meritorious defence, and that she would be able to show on a trial of the merits of the case, that she was in no wise guilty of the trespasses complained of.    That he was expressly informed and believed, that his information came from the plaintiff, that the suit had been compromised on the part of the other defendants, and that consequently he was released from all liability in the action. That at the last term of the Franklin Circuit Court, the plaintiff sued the affiant and others, not including the wife of the affiant, and he, the affiant, expressly understood that it was upon this last suit that he was bound to answer, and that Harmison had abandoned the first.

Upon this affidavit of Jacob Clark, sen., he, and his wife, Lucy, moved the Court to set aside the judgment of default rendered, and the proceedings had.

The plaintiff resisted the motion, and on its hearing, offered to read to the Court the affidavits of Warrenton L. Duncan and Wm. Dye, the first of which asserted the service of summons on Lucy Clark, as returned by the affiant, and that the return was literally and in every respect, true.    That he never gave Lucy Clark, nor her husband, to understand that the former was not sued, or that the suit was compromised.    That, furthermore, both of these defendants had acknowledged to the affiant, that they were summoned, and that they knew it.    The affidavit of Foster and Dye sets forth that they, the affiants, were present on Friday morning, the 5th of April, (the day after the motion and affidavit were made and filed,) and heard Jacob Clark, sen., and his wife,

admit that the summons in this case had been served on the latter by the sheriff of Franklin county, previous to the October term, 1832, but that knowing that he had not served a certain capias, issued during that term, at the suit of Harmison, against the same parties, they, Clark and his wife, meant that he had not served that capias.

These affidavits the Court refused to hear, and upon the affidavit of Jacob Clark, sen., set aside the default and verdict, and granted a new trial as to all of the defendants, as well those who had pleaded, as those against whom the default had been taken.

To both of these decisions the plaintiff's counsel excepted.

The cause was then continued until the next succeeding term of the Circuit Court, at which term, by leave of the Court previously given, a new count, by way of amendment to the declaration, was filed, charging a trespass upon personal property only. Pleas were put in by all of the defendants in Court, including Lucy Clark, and Jacob Clark, sen., and a verdict was rendered for the defendants. Upon which verdict the Court gave judgment for costs against Harmison.

To reverse this judgment, and to render final the judgment before taken against Jacob Clark, sen., and his wife, this writ of error was prosecuted. The cause was tried at October term, 1833, before the Hon. Thomas C. Browne and a jury.

A. F. GRANT, for the plaintiff in error, contended that the reason given in the books why an action of *trespass quare clausum fregit* is considered a local action in England, does not exist in this country. The only substantial distinction between local and transitory actions being, as laid down by Lord Mansfield, that, " Where the proceeding is *in rem*, and where the effect of the judgment cannot be had, if the venue be laid in a wrong place, the action is local;" while here the process of our Courts, final process, as well as all other, runs throughout the State, may issue from one county, and be directed to, and executed by the sheriff of another. If the law ceases with the reason upon which it is founded, then, the common law governing the laying of the venue, in cases of this kind, cannot be the law in this State. Fabrigus *v.* Mostyn, Cowp. 176–7, cited in Tidd's Practice, 370.

The principal matters stated in the affidavit of Clark, are stated by him on the information of others, and not of his own knowledge. They are matters, however, for the most part, within the personal knowledge of his wife, if they existed; and she not having sworn to them, although with her husband party to the application; and some of the facts stated being in direct contradiction to the return of the sheriff, the reading of the counter affidavits offered by the plaintiff, tended to the eliciting of truth,

L

and was for that reason proper, on a motion addressed to the discretion of the Court.

Counter affidavits, upon applications to hold to bail, &c., where a discretion is to be exercised, are admitted in the Court of common Pleas in England, and in the American Courts.    1 Sellon's Prac. 113; Johns. Cases, 105, cited in Am. Dig. 105.

The default was taken against Clark and his wife, for the want of an appearance and plea on behalf of the latter.    The application to set aside the default was made by both of them, and should have been predicated upon the joint or separate affidavits of both ; and many· of the facts stated in the affidavit that was made, being facts that in their nature were within the wife's knowledge, and she being a party in the application, her affidavit, as to these facts particularly, was necessary.    "An affidavit, by a third person, of facts in the knowledge of a party, on which the application is founded, cannot be read, as it ought to be by the party himself."    3 Caines 125, cited in 1 Am. Dig. 16.

The award of a new trial as to all, upon the application of some, without the assent of the others, is error: Such in this case was the order, and to that effect was the application of the defendants. 1 Washington 322; 2 Strange 813; 2 Blac. Rs. 1030; 12 Mod. 275; 3 Salk. 362.

W. B. SCATES, for the defendants in error, cited 1 Tidd's Pract. 369, 404, 430, 433, 434–5, 506–8, 819.   "Where three are sued, and two suffer judgment of default, and the third pleads to issue, and it is found for him, the two may bring a writ of error."   2 Tidd's Pract. 1054; Gould's Plead. 116; Bac. Abr. tit. *Local Actions A, a ;* Cowp. 180; 4 Term R. 503; 6 East 598–9.

WILSON, Chief Justice, delivered the opinion of the Court:

In this cause two trials were had in the Court below.    Upon the first trial, judgment was rendered in favor of two of the defendants, and judgment by default was taken against Jacob Clark, sen. and Lucy his wife, two other defendants.    At the same term, the Court, upon the application of Jacob Clark, sen., set aside the default against him and his wife, and granted a new trial as to all of the defendants.

During the progress of the first trial, several exceptions were taken by the plaintiff to the opinion of the Court, but these exceptions are not now available.    To have enabled him to avail himself of them, he should have renewed them on the last trial (if the same ground of exception again occurred,) as that was a trial *de novo,* and the judgment rendered on that trial is the only final judgment in the cause.

Upon the second trial, a verdict and judgment were rendered in favor of all the defendants.

From this statement of the case, the only assignment of error that can be noticed by the Court, is that which questions the correctness of the order of the Court below, setting aside the default of two of the defendants, and granting a new trial, as to all of them. It has been repeatedly decided, that an application to set aside a judgment by default, or to grant a new trial, is addressed to the discretion of the Court, and that the decision of the Court upon such application, cannot therefore be assigned for error.(1) It is however contended that this case is not within this general rule, because a new trial was ordered as to two of the defendants who were acquitted, and who did not join in the application made by the others for that purpose. This position might well be assumed by those defendants who were acquitted on the first trial, had they afterwards been convicted; because the effect of the order was to impose upon them the costs of another trial, and to subject them to another chance of conviction. But the same reason that would, under this state of the case, authorize them to assign this decision of the Court for error, precludes the plaintiff from doing so. The decision was to his advantage, by multiplying his chances of success. He therefore has no reason to complain, and cannot assign that for error which was for his benefit. The judgment must be affirmed with costs.

*Judgment affirmed.*