# IRA B. HALL

*v.*

# MARGARET HARRIS *et al.*

*Filed at Springfield March 30, 1885.*

1. MORTGAGE—FORECLOSURE—*subject to homestead and dower—where the wife does not join in the mortgage.* Where the wife of a mortgagor fails to unite with him in the mortgage and release her homestead and dower in the premises, a decree after the death of the husband which saves to the wife her dower and homestead in the premises, and directs a foreclosure of the mortgage for the amount found due, and provides for a sale of the residue of the mortgaged premises after the assignment of her homestead, subject to her dower and the unmatured part of the mortgage debt, is not erroneous as against the mortgagee.

2. On the foreclosure of such a mortgage there can be no sale until the homestead is assigned to the widow; and a decree of foreclosure directing an assignment of the homestead before sale of the residue, is not the granting of affirmative relief to her upon answer, but is for the benefit of the complainant, and is warranted under the prayer in the bill for "such other and further relief as equity may require."

3. On foreclosure in such case, the decree fixed the value of the homestead at $1000, and directed the master to pay the widow that amount in case the homestead could not be assigned and a sale was made of the land. The homestead was in fact assigned, and the residue of the premises sold subject to the widow's dower therein: *Held,* that even if there was error in requiring the payment of $1000 to the widow in case the homestead could not be assigned, it was one that worked no harm to the complainant, as, the homestead being assigned, there was no occasion to execute that portion of the decree.

4. SAME—*ordering sale subject to unmatured part of debt.* The complainant can not object to a decree of foreclosure for the reason that it directs a sale of the mortgaged premises subject to that part of the mortgage debt not then due, though the defendant might object for such reason.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

The bill in this case was brought by Ira B. Hall, to foreclose a mortgage made by Thomas H. Harris, since deceased, and was brought to the January term, 1879, of the circuit

court of Logan county. The mortgagor having departed this life before the bill was filed, his widow and his heirs, together with the administrators of his estate, were made defendants. It appears the mortgage was made to secure five promissory notes, of even date with the mortgage, amounting, in the aggregate, to the sum of $3000, all of which notes bore interest at the rate of ten per cent per annum. Answers were filed, and on the hearing the court rendered a decree of foreclosure for so much of the mortgage indebtedness as was due at the time the bill was filed. In May, 1884, after the decree in favor of complainant had been executed, he sued out from the Appellate Court a writ of error to the circuit court. On the hearing in the Appellate Court the decree of the circuit court was affirmed, and complainant brings the cause to this court on appeal.

Messrs. STEVENSON & EWING, Mr. WILLIAM DON MAUS, and Mr. M. D. BEECHER, for the appellant:

Under the bill, and the prayer thereof, the provisions in the decree as to dower and homestead, and making the sale subject to the lien of the unmatured notes, are not justified. *White* v. *Morrison,* 11 Ill. 366; *Waugh* v. *Robbins,* 33 id. 181; *Morgan* v. *Smith,* 11 id. 194; *Fergus* v. *Tinkham,* 38 id. 407; *Bryan* v. *Howland,* 98 id. 625; *Marvin* v. *Collins,* id. 510.

The answer of the widow, setting up her dower and homestead rights, did not present such an issue as to authorize the court in setting off the homestead and decreeing dower. *Asher* v. *Mitchell,* 92 Ill. 480; *Goltra* v. *Green,* 98 id. 317.

The decree must be confined to the case made by the pleadings. *Marvin* v. *Collins,* 98 Ill. 510; *Jackson* v. *Miner,* 101 id. 550.

To secure affirmative relief, the defendants must file a cross-bill. *Mason* v. *McGive,* 28 Ill. 322; *Stone* v. *Smoot,* 39 id. 409; *Titsworth* v. *Stout,* 49 id. 78; *Price* v. *Blackmore,* 65

id. 386; *Thompson* v. *Shoemaker*, 68 id. 256; *Purdy* v. *Henslee*, 97 id. 389; *White* v. *White*, 103 id. 438.

That part of the decree which fixes the amount of the homestead at $1000, and directs the master to pay the same, is erroneous. *Merritt* v. *Merritt*, 97 Ill. 243; *Browning* v. *Harris*, 99 id. 466.

It was error to make the sale subject to the lien of the unpaid notes. *Hardy* v. *Burton*, 79 Ill. 504; H. Paige, 619; 7 Ohio, 231.

Messrs. BLINN & HOBLITT, for the appellees:

The answer was by way of defence to the extent of the homestead, and the court did not grant any affirmative relief, but followed the statute. Rev. Stat. chap. 52, sec. 8.

The decree does not assign dower, but simply protects the dower right.

After the complainant has satisfied the decree by the sale of land, he can not be allowed to allege error in the same, and procure a reversal.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The mortgage sought to be foreclosed by the bill in this case was made by Thomas H. Harris, who died before the suit was commenced. The premises embraced in the mortgage were the homestead of the mortgagor, and since his death the widow and her family have continued to reside upon the same. The wife of the mortgagor did not join with her husband in the execution of the mortgage, and it is admitted she is entitled to both dower and homestead in the mortgaged premises. Only a part of the mortgage indebtedness was due when the bill was filed. In her answer the widow, Margaret Harris, admitted the death of her husband, Thomas H. Harris, but disclaimed any knowledge of the making and delivering of the notes and mortgage, and by appropriate allegations set up her homestead and dower in

the premises, and asked that her rights therein be protected. Nothing contained in the other answers is important to be stated. The decree saved to the widow her dower and homestead in the premises, and directed a foreclosure of the mortgage for the amount found due, and provided for the sale of the residue of the mortgaged premises, after the assignment of homestead, as provided in the statute, subject to the dower of the widow and to the unmatured portion of the mortgage indebtedness. This decree was afterwards executed by the master in chancery, who caused homestead to be assigned to the widow, as directed in the decree and by the statute, and then sold the residue of the mortgaged property, subject to the widow's dower and the unmatured mortgage indebtedness, as he was directed by the decree to do, and at such sale complainant became the purchaser, to whom was issued the usual certificate of purchase.

Numerous errors have been assigned, but in the view taken of the case it will not be necessary to notice all of them. It is said the decree is erroneous as setting off homestead and dower to the widow, thus granting affirmative relief to her on her answer. The decree does not purport to assign dower to the widow. It only saves her dower, and in this respect there was no error. Concerning the homestead, it is admitted the widow was entitled to a homestead in the premises, and, under the statute, there could be no sale until it should be assigned to her as the statute provides. The decree does not grant affirmative relief either as to dower or homestead. As has been seen, the decree did not provide for the assignment of dower, and as to assigning the homestead, that was done for the benefit of complainant, that he might have a sale of the residue of the premises, and the decree in this behalf is clearly warranted by the prayer of the bill for "such other and further relief in the premises as equity may require."

It is also said the decree is erroneous as fixing the value of the homestead of the widow in the mortgaged lands at

$1000, and directing the master in chancery to pay her that amount in case the homestead could not be assigned and a sale of the premises should thereafter be made. The statute fixes the value of the homestead, and the decree simply follows it. If it shall be conceded it was error to direct the master to pay her that amount in case the homestead could not be assigned and the premises should have to be sold, the decree in that respect did complainant no harm, as the homestead was in fact assigned under the statute, and no money was paid to the widow in lieu of homestead. It is not a matter of which complainant will now be heard to complain.

The point is made that part of the decree directing the sale of the property subject to the lien of the mortgage for the unmatured notes, was contrary to law. It would seem to be a sufficient answer to the position taken, that the decree in this respect is most favorable to complainant, and can work no hardship to him in any event. Defendants might have objected to the decree for this reason, but as no possible injury can come to complainant on that account, he will not be permitted to assign it for error. As has been seen, at the master's sale he purchased the residue of the property after the assignment of homestead had been made. In case the property should be redeemed by any of defendants, it would still be subject to the unpaid mortgage indebtedness, and in that regard it is most favorable to complainant; but if not redeemed, then he would own the property he bought, subject to the dower of the widow, and that is all he could get in any event. In either view, there is no just ground for complaint on that score.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*