### Emery Andrews, Guardian, Appellant, v. Orville M. McCumber et al., Appellees.

1.   APPEAL AND ERROR, § 1252*—*beneficial error not ground for complaint.* A party cannot complain on appeal of an error that is beneficial to him.

2.   'GUARDIAN AND WARD, § 41*—*fact that decree for guardian's sale fails to protect purchaser is not available to guardian.* The fact that the decree for a sale by a guardian fails to protect the interests of the purchaser and his assignees is of no concern to the guardian.

3.   GUARDIAN AND WARD, § 50*—*application of rule of caveat emptor to guardian's sale.* The purchaser at a guardian's sale comes under the rule of *caveat emptor.*

4.   GUARDIAN AND WARD, § 50*—*guardian does not warrant title to lands sold under order of court.* A guardian, selling the lands of his wards under order of court, does not warrant the title and is not bound to furnish a merchantable one.

5.   GUARDIAN AND WARD, § 62b*—*when decree in guardian's proceeding will be affirmed on guardian's appeal.* Where a life estate in lands is conveyed to a father with remainder to his children as a class and prior to the termination of the life estate the guardian of the living children sells their interest, under order of court, for the purpose of obtaining money for their education and maintenance and subsequently the Supreme Court holds that the rights of the unborn children of the life tenant were not divested by the sale and that the purchaser at such sale did not acquire a merchantable title, and thereafter the guardian petitions the County Court that entered the order of sale for an order that will let in the after-born children of the life tenant and that will clear the title of the purchaser at the sale and the Circuit Court which disposes of the petition finds and decrees that the sale did not divest the unborn children of the life tenant of their interest in the lands and that the money then in the

hands of the guardian vested solely in the children of the life tenant who were living at the time of the sale and orders distribution on the basis of such finding, the decree of the Circuit Court will be affirmed on appeal by the guardian.

6. GUARDIAN AND WARD, § 57*—*when not error to refuse to permit filing of cross petition in guardian's proceeding.* It is not error for the trial court to refuse to permit the filing in a guardian's proceeding of a cross petition when the averments therein are not sufficient to warrant the relief therein prayed for.

7. COSTS, § 77*—*when costs of appeal will be taxed to guardian individually.* Where an appeal is improvidently taken by a guardian for the purpose of advancing the interests of persons whom he has no authority to represent, the cases of the appeal will be taxed to him individually.

Appeal from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919. *Certiorari* denied by Supreme Court (making opinion final).

R. G. REAL, for appellant.

S. S. DU HAMEL, for Lee, Clyde R., Roy V., Zina M. and Dell R. McCumber, infant appellees.

JOHN H. CHADWICK, for Orville M. and Robert D. McCumber, adult appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

The father of one Charles T. McCumber conveyed to him certain lands for life and by the same deed conveyed to the children of said Charles T. McCumber as a class the estate in remainder after the expiration of the life estate. During the continuance of the life estate of Charles T. McCumber, which has not yet expired, appellant as guardian of the then living children of Charles T. McCumber, obtained an order from the County Court of Douglas county for the sale of the interest of such children in said lands, for the purpose

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of using the proceeds of such sale for the benefit, education and maintenance of such children. Pursuant to that order the interests of such children were sold and the proceeds derived therefrom were pursuant to an order of that court turned over to appellant as guardian of such children. The rights of possible after-born children of Charles T. McCumber in the lands so sold or in the proceeds thereof were in no way considered, adjudicated, protected or referred to in that proceeding. The Supreme Court in the case of *Dole v. Shaw*, 282 Ill. 642, had under consideration the question whether the rights of after-born children of Charles T. McCumber, if any there should be, in the lands in question had been divested by the sale of the said lands pursuant to the order of the County Court of Douglas county above referred to, and it was there held that such interest had not been divested, and that the title of the purchaser at that sale was not a merchantable title but was subject to the interest of any child or children that may hereafter be born to Charles T. McCumber. It was also there held that such decree was binding and conclusive unless the same should be reversed on appeal or writ of error, and could not be collaterally attached. Appellant then filed in the County Court of Douglas county his petition as guardian in the guardianship matter in which the order for the sale of the lands referred to in *Dole v. Shaw, supra,* was entered in which he states that it was his intention to have obtained an order in the proceedings to sell land for leave to sell the interest of all the children of Charles T. McCumber, born and unborn, and had supposed that all such interests had been sold until the Supreme Court held to the contrary in *Dole v. Shaw,* 282 Ill. 642, and prayed directions and for an order of distribution that should let in the after-born children of Charles T. McCumber, if any such should be born, to participate with the wards of appellant in the funds then in his hands arising from the sale of

lands pursuant to the former decree mentioned and that should "remove the cloud from and clear the title to said lands so that the owner thereof may give good and merchantable title thereto as originally intended by your petitioner and this court in the sale of said lands when said order was entered." That petition was eventually disposed of by the Circuit Court of Douglas county. That court found, adjudged and decreed "that the sale of said lands as made by the County Court did not divest the unborn children of the said Charles T. McCumber of any interest in said lands they might have upon being born," and that the money then in the hands of the guardian vested solely in the children of Charles T. McCumber who were living at the time the lands were sold, and ordered distribution on the basis of such finding. To reverse that decree appellant, the guardian of the living minor McCumber children, has appealed to this court.

The decree appealed from is more favorable to the children of Charles T. McCumber for whom appellant is guardian and for whom only he has authority to act than the decree asked for by him would have been. By the decree appealed from the rights of the wards of appellant are definitely fixed and determined. No matter how many children are yet born to Charles T. McCumber the rights of the wards of appellant remain the same and the amount they each are to receive out of the funds in appellant's hands is unaffected. If the decree sought for had been entered, each child that should thereafter be born to Charles T. McCumber would come in for his or her share of the funds in appellant's hands and would thereby ratably reduce the amount that each of appellant's wards would otherwise receive. It follows that it is for the interest of those whom appellant represents that the decree appealed from should be affirmed. A party cannot complain of an error that is beneficial to him. *Ashley Wire Co. v. Mercier,* 163 Ill. 486-493; *Miller v. Whelan,*

158 Ill. 544; *Griswold v. Hicks,* 132 Ill. 494; *Hall v. Harris,* 113 Ill. 410; *Decker v. Decker,* 121 Ill. 341; *Harmison v. Clark,* 2 Ill. (1 Scam.) 131. In so far as the petition in question prayed for direction in regard to the disposition of the funds in the guardian's hands, the same was granted and such directions were given and were even more favorable to those whom petitioner represents than he sought. The fact that the decree failed to protect the interests of the purchaser of the lands at the guardian's sale, and their assignees is no concern of the guardian. The purchaser at such sales comes under the rule *caveat emptor.* The guardian at such sale does not warrant the title and is not bound to furnish merchantable title. It follows that no error has been assigned by appellant that can be availed of by him on this appeal.

Appellant contends that the interest of the unborn children in the lands should have been held to be shifted to the funds in his hands and an order of distribution made protecting such interest in such fund. Several answers to that suggestion are apparent: First, appellant does not represent the unborn children and it is none of his business what becomes of their interest in the land; second, the rights of the unborn children are safely protected in the lands; and third, as already suggested, it is against the interest of the wards of appellant that the interest of unborn brothers and sisters should be transferred from the real estate to the funds in the guardian's hands even if the court had power to order it so transferred.

The guardian *ad litem* for the minor appellees herein filed a motion for leave to file a cross petition praying that appellant be required to account for the full value of the land sold instead of the amount for which it was sold. Aside from the question whether such a cross petition was germane to the original petition, the averments therein are not sufficient to warrant the re-

lief therein prayed for and no error was committed by the court in refusing leave to file the same.

There being no error in the record available to appellant and no error in the matters complained of by appellees, the decree of the Circuit Court is affirmed. And because this appeal was improvidently taken by appellant for the purpose of advancing the interests of persons whom he has no authority to represent, it is ordered that the costs of this appeal be taxed to appellant individually.

*Decree affirmed.*